RECEIVED
SDNY PRO SE OFFICE

2015 OCT 27 AM 10: 56

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MICHAEL TAMMARO
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

The City of New York
_____
DETECTIVE CHRISTOP BRESLIN "INDIVIDUAL"
sheid 71 ,PRECINCT10), 230 WEST 20th. St.
NY,NY 10011
_____
MINJAK LLC./ JAN ZONEN "Individual"
_____

JENNIFER GATIEN "Individual"
_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes     ☐ No
(check one)

13 Civ. 6190 (KMK)

I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name    MICHAEL TAMMARO
                ID#   DIN # 13-A3163
                Current Institution   COLLINS CORRECTIONAL FACILITY
                Address   P.O. BOX 340
                          COLLINS, NEW YORK 14034-0340

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name   DETECTIVE CRISTOP BRESLIN    Shield # 71
                   Where Currently Employed 10 PRECINCT ,230 W.20th. St.
                   Address   NY,NY 10011

Defendant No. 2    Name __THE CITY of NEW YORK_____ Shield #_____

Where Currently Employed _100 CHURCH STREET_____

Address _NEW YORK, NEW YORK 10007_

_____attn; DAVID COOPPER Assistant Corp._____

                          Counsel

Defendant No. 3    Name _MINJAK, LLC_____ Shield #_____

Where Currently Employed _ATTORNEY/ROSENBERG& ESTIS, P.C._

Address _733 THIRD AVE. NEW YORK, NY 10017_____

_ATTN: EMILY PRAGER, ESQ._

**Who did what?**

Defendant No. 4    Name __JAN ZONAN/INDIVIDUAL_____ Shield #_____

Where Currently Employed _ATTORNEY/ ROSENBERG & ESTIS, P.C._

Address _733 THIRD AVE. NEW YORK, NY 10017_

_ATTN/ EMILY PRAGER, ESQ._

Defendant No. 5    Name ___JENNIFER GATIEN_____ Shield #_____

Where Currently Employed _XXXXXXXXXXXXXXXXXXXXXXXXXX_

Address _____

        _49 BLEEKER STREET, NY, NY APT 306_

## II.   Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

    __N.A.__

B.    Where in the institution did the events giving rise to your claim(s) occur?

    __N.A.__

C.    What date and approximate time did the events giving rise to your claim(s) occur?

          __MARCH 4th. 2013, 9.30 P.M.__

D.    Facts:_____

**What happened to you?**

_____

_____❶_____

| Was anyone else involved? |
| --- |

| Who else saw what happened? |
| --- |

### III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

### IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____  No _____

*Rev. 01/2010*

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.   Which claim(s) in this complaint did you grieve?

_____

_____

2.   What was the result, if any?

_____

_____

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____ N.A. _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____ N.A. _____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____ Wherefore, Plaintiff prays for judgement in his favor _____
_____ and damages in his favor against all defendant's in an _____
_____ amount sufficient to compensate him for the deliberate _____
_____ indifference and intentional misconduct of defendant's in _____
_____ no event less than $45.000.000.00 together with attorney's
_____ fees and costs, and such additional releif as this court _____
_____ deems just and proper. _____

## VI.   Previous lawsuits:

On these claims

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No __X__

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____   3.     Docket or Index number   _____

_____   4.     Name of Judge assigned to your case _____

5.     Approximate date of filing lawsuit   _____

6.     Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____
_____

On other claims

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No __X__

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.     Court (if federal court, name the district; if state court, name the county) _____

_____   3.     Docket or Index number   _____

_____   4.     Name of Judge assigned to your case _____

5.     Approximate date of filing lawsuit   _____

6.   Is the case still pending? Yes _____ No _____
     If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
     _____
     _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 20___

|                          |                              |
|--------------------------|------------------------------|
| Signature of Plaintiff   | _____ |
| Inmate Number            | 13-A-3163                    |
| Institution Address      | COLLINS CORRECTIONAL         |
|                          | FACILITY, P.O. BOX 340       |
|                          | COLLINS,NEW YORK 14034-      |
|                          | 0340                         |

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff

# EXHIBITS

## EXHIBITS

1. Three Official Documents, showing that the plaintiff was arrested at his home.

   a. New York City Omniform System- Arrests/Arrest Report
      This report states that on the night of March 4,2013
      the plaintiff was arrested in front of his building,
      211-215 West 20th. Street.

      The Complaint number is ,2013-010-00924
      Arrest I.D. Mi362021-Q
      Time; 21:45 :00

   b. Bill of Particulars / People's Voluntary Disclosure Form
      Docket # 2013 NY018307

      Here in present document it states:

      The People of the State of New York hereby voluntarily
      disclose to the defendant the following factual information
      pertaining  to the above-captioned case:

      It states under #2 of the following list:

      2. Arrest: Date,March 4th,2013
                 App. Time: 9:45
                 Place : In front of 211 West 20th Street

   c. New York City Police Department  / Arrest Report for
      Arrest I.D. M13620201

      ARREST LOCATION: 211 WEST 20th,Street
      ARREST TIME :  21:45:00

In three seperate official documents , Detective Breslin has
reported officially that the plaintiff was arrested at his
building/home and not at the 10th. Precinct as he has stated unde
under oath, Detective Breslin has perjured himself in numerous
occasions concerning this case. 1319/13.

EXHIBITS

2. NYDPETS PROPERTY and EVIDENCE VOUCHERS.

Invoicing Command/ 10th. Precinct

In these existing property vouchers it proves that
Detective Breslin himslef lists in property vouchers,

a. 4 cell phones.

b. He list's 1 external hard drive when in fact it was 8.
The plaintiff has in his possesion ,reciepts from all
Eight External Hard Drives.
Sworn affidavits from his assistant that have worked with
the Plaintiff stating they in fact worked with thses
hard drives ,transferring data and images from the
his camera or his computers.All images were transfered to
archive the images,as sworn in these 7 affidavits.

c. The Plaintiff's agents have sworn that in fact the plain-
tiff did indeed have 8 hard drives just prior to his
illegal arrest.
The plaintiff has clients that have sworn that in fact
working with the plaintiff they have witnessed all his
hard drives.

d. Listed is a Mac computer.

Transcipt from a court npperene clutel
March 27, 2014, my nttoney nt the time
Ms Lautman mnde it dape to Judge Michns
J. Obus that, the Du's offce still lmd
the plantff's hred drve and it was importnt
to hve then returned

EXHIBITS

4.  Here is exhibited the Sworn Affidavit by Detective Breslin
    and signed by Jonathan Dreyfuss, ststing that he has approved
    this affidavit,when in fact the Assistant District Attorney
    was well aware that the Target Location was the Plaintiff's,
    that the items to be seized were not in fact stolen but the
    legal property of the Plaintiff.

    That the 3 checks that the detective had inspected ,the
    A.D.A. was aware that these 3 checks never existed from
    the beggining ,that the A.D.A. themselves admit under oath
    on March 27,2013 ,that they has no checks and never had the 3
    checks ,so in fact no checks could have been inspected.

    It is signed by Detective Christopher Breslin, Jonathan
    Dreyfuss, The Honorable Neil E.Ross/Judge and the Court
    Reporter, Laura DeMattia.
    It states Sworn to before me this March 7,2013 and is signed
    by his Honor the Judge. at 11.05 A.M.

5.  Text of the testimony by Detective Breslin under oath were
    he now states that ,yes he entered the home of the Plaintiff,
    where in his previous testimony under oath at the Huntley
    Hearing, conducted Dec. 10 and 11 of 2013,he states that at
    no time did he enter the home of the plaintiff ,that he
    stayed in the elevator the entire time,in this testimony at
    trial the detective also states that he could not view the
    plaintiff as he was somewhere off to the left,when at the
    Huntley Hearing he states under oath that he viewed the
    Plaintiff sitting at his desk ,naked workingon his computer

⑥ Testimony by Dt Breslin, again swears that the
affidavl he swore to and submitted was true
and Accurate.

1

1   SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF NEW YORK: CRIMINAL TERM: PART 51
2   ----------------------------------------X

3   THE PEOPLE OF THE STATE OF NEW YORK          :   Indictment No.

4                       -against-               :   1319/13

5                                                   4947/13

6   MICHAEL TAMMARO,

7                       Defendant.      :

8   ----------------------------------------X

9                       100 Centre Street
                        New York, N.Y. 10013
10                      March 27, 2014

11

12  *Still, as of this date Oct 19, 2015, the*

13  H O N O R A B L E:    MICHAEL OBUS,

14  *plaintiff's property has not* Justice *been*

15  A P P E A R A N C E S:                *returned*

16                      FOR THE PEOPLE:

17                      CYRUS R. VANCE, JR., ESQ.
                        DISTRICT ATTORNEY
18                      NEW YORK COUNTY
                BY:     JON CHANANIE, ESQ.
19

20                      FOR THE DEFENDANT:

21                      18B

22              BY:     GENAY ANN LEITMAN, ESQ.

23

24                      SUE-LYNN IRVING
                        SENIOR COURT REPORTER
25

1        in the interim, some other assistant would have to appear on

2        the case for an extended period of time.

3                MR. CHANANIE:  Anytime from that first week of

4        April to approximately the same time in July, that's right.

5        Excuse me, in June.  I will be out April, May and June.

6                I take that back.  It does mean that the adjourn

7        date anytime before July would require someone other than me

8        to handle it.

9                THE COURT:  As I said, I'm reluctant to put this

10       over into July.  But I am also not putting this on the

11       calendar for two weeks.  So, I will like to put it on for a

12       control date.  I'm not telling corrections where to hold

13       Mr. Tammaro.  But if he needs to be produced, I will ask the

14       parties to facilitate that.  And I will sign whatever orders

15       to produce if necessary.  But I will suggest we set a

16       control date.

17               I think it would have to be after Mr. Chananie

18       leave begins and before he returns, just to keep some

19       control of the schedule here.  And, hopefully, you won't be

20       incommunicado if there is some need for somebody from your

21       office to reach you about the status of things, or if there

22       are materials that your office has, like the checks.  There

23       has got to be somebody available to handle any such request.

24               MS. LEITMAN:  There is another item, while we are

25       talking about things that were taken.  It's my understanding

1       that when the police executed the search warrant, they --

2       there was an indication that the items -- in the affidavit

3       by the detective that these items were actually stolen.   In

4       actuality they were not stolen.   They were my client's

5       actual hard drive for his various computers.

6               He is a professional photographer.   Mr. Tammaro,

7       that is, is a professional photographer.   There is some

8       extremely sensitive information on those computers.   There

9       are photographs of celebrities, movie stars, et cetera, on

10      there, models.   And we need to know that those are being

11      preserved.   And, secondarily, if they are not being used for

12      evidence, we request that we make arrangements to have them

13      returned.

14              THE COURT:   Again, this is something that I will

15      ask you to take up before Mr. Chananie goes on his leave.

16      And if you can resolve them by agreement, fine.   If not,

17      then there may have to be some application.

18              And I will ask that if you are going to be gone

19      for an extended period of time, which I understand you are,

20      that there be somebody for Ms. Leitman to speak to about

21      such things, so that we don't end up having all these

22      discussions at the beginning of July or something like that.

23              I had hoped that this case would be tried well

24      before now.   And the reasons why it hasn't been tried at all

25      is matters of record already.   I'm not going to go through

BRESLIN - DIRECT/CHANANIE

26

1          This is the affidavit in support of the search

2      warrant?

3          THE WITNESS:  Correct.

4          THE COURT:  This is your affidavit.

5          Would you give it to the officer to show to

6      counsel.

7          Let's make sure that that's what you have.

8      Q.    Detective, remind me if I have gotten to the point yet

9   where I ask you if that fairly and accurately shows the

10  affidavit as you swore it out in March of 2013?

11     A.    Yes.

12     Q.    Yes, I asked that?  Or yes, it does?

13     A.    Yes, you asked it.  And yes, it does.

14     Q.    Excellent.

15          MR. CHANANIE:  Your Honor, at this time People

16      seek to admit People's 3.

17          THE COURT:  Can we clarify when was this done?

18      What's the date?

19          THE WITNESS:  The date on it is March 3, 2013.

20          THE COURT:  So this is after the arrest and after

21      the statements were made?

22          THE WITNESS:  That's correct.

23          THE COURT:  All right.  I realize this is perhaps

24  beyond the scope of the hearing, but in order to make sure

25  we have a full record, we'll receive this deemed 3 in

1    A.   No.

2    Q.   Now, subsequently did you swear out a search warrant to

3    go search the defendant's apartment?

4    A.   ·Yes, I did.

5         MR. CHANANIE:  Your Honor, I believe the court

6         still has the affidavit?

7         THE COURT:  I will I do -- it's part of the file,

8         yes.

9         MR. CHANANIE:  Can I have that back and deem it

10        marked for the purpose of the hearing as People's 3?

11        THE COURT:  Deem it 3 for identification for the

12        moment.

13   Q.   Detective, take a look at that, see if you recognize

14   that, please?

15   A.   Okay.

16   Q.   Did you recognize that?

17   A.   Yes, I do.

18   Q.   What do you recognize that to be?

19   A.   It's a copy of the search warrants.

20   Q.   Is it a fair and accurate copy of the search warrants

21   that you swore out to search the defendant's apartment?

22   A.   Yes.

23        MR. CHANANIE:  Your Honor, People would seek to

24        admit People's 3 into evidence.

25        THE COURT:  Make sure Mr. Sylvan has a copy.

FACTS

DEFENDANT / Mrs.Jan Zonan

The Defendant,Mrs. Jan Zonan,is the owner of the building
that the Plaintiff,Michael Tammaro,lives. He has lived
at 211-215 West 20th St. NYC for 23 years.
Mrs.Jan Zonan is also the owner of several properties in the
New York City area,it is under the name of Minjak LLC.
Because of the fact that Mrs. Zonan has many properties,she
is well aware of tenents rights ,that the police can not
just enter a citizens home at 9:30 in the night with no
warrant and no probable cause and the fact that the police
never made a attept to inform the plaintiff of there need to
him ,where Mrs. Zonan is at fault is her employee,Louis,
allowed these 2 detectives into the private keyed elevator and
into the 300 steel door to enter the plaintiff's home illegall
y. The superintendant made no attempt to ask fopr a warrant or
to inform the police that they should buzz the plaintiff's
home before just barging in ,no he did none of the above,
Mrs. Zonan ,presides directly above the home of the Plaintiff
he at 6E and she at 7E. The super had every oppitunity to
buzz his emplyor and inform her of the police's aganda,this
he never did,if the superintendant had performed his  duty
legally and professionally the plaintiff would have had his
constitutional right to ask the police what it is they wanted
and would have had his right to speak to them,or not as they
had no warrant .Mrs. Zonan being the employer of the Superinte
ndant is responsible for his illegal actions.

DAMAGES ACQUIRED


Due to the misconduct by detective breslin ,the defendant ,lost his home
a home that he had lived and worked at for 23 years ,a rent stabilzed
home ,for the defendant now to find a loft in NYC ,with the sg. ft. space so
he would be able to both work and live would cost him now close to $6500.00
The defnendat's reputation was destroyed, on Feb. 7th,2013 ,when the defendant
arrived home he still had his home ,his career, his mental and physical
were in a healty state of mind, he had the support of his family and
friends.
Detective breslin barging into the home of the defendant on March 4th, 2013 ,with
no warrat ,no probable cause and arresting the defendant based on hearsay
has left the defendant homeless and destitute.
The detective entered the home of the defendat on march 12th,2013 with
a defective search warrant ,he perjured hinself by swearing under oath the
information he was submitting to the magistrate was true when in fact it was not.
To this very day ,May 24th,2015 the defendant's property seized with this
defective warrant has not been returned due to the fact that the detective refuses
to sign off on his part of the release,this he informed Officer Moses of the
Pearson Property Warehouse,telling Officer Moses that the property was still being
used as evidence ,when in fact the trial was over the District attorney had
submitted a Official property release for the defendant to retrive his property.
The defendant has spent more then 2 years at Rikers island facility where
he has been verbally ,phsyically abused ,stabbed, hit so hard with a food
tray in his left ear by a gang member he has been left deaf in that ear and has
to wear a hearing iad for his entire life.

FACTS

On Dec. 10th and 11th. 2013, the plaintiff was granted a
Huntley hearing ,it was conducted these 2 days in the
court room of his Honor Michael J. Obus,part 51,Supreme
Court of New York County, present were the Plaintiff,
Mr. Michael Tammaro his attorney ,Mr. Kevin Sylvan, the
A.D.A. for the people ,Mr. Jon Chanine, and Detective
Breslin. Both the plaintiff and Detective Breslin testified
in the preceeding.

Detective Breslin ,under oath, states that on March 4,2013
he can not remember how he got into the plaintiff's building
he could not recall how he got up to the plaintiff's floor ,6E
,I'd like to point out that the only way to go to the floor and
home of the plaintiff is with a key, the elevator is   private
the only 2 people that have a key to the locked private
elevator is the plaintiff and the superintendant of the building.
Detective Breslin states that once at the plaintiff's floor he
knocked on the 300 pd steel door and it just happened to be
open, and he states he never stepped into the home of the
plaintiff ,that he conducted all conversations with the plaintiff
from inside the elevator ,the elevator opens directly into the
plaintiff's home, the detective states that he viewed the
plaintiff sitting at his desk,naked ,working on his computer,
that he never went inside the home of the plaintiff ,and he
states he asked the plaintiff if he would go to the station
with him to have a conversation,in the transcript it shows that
the detective does state that the plaintiff asked over and over
again ,"why do I have to go to the station" the detective's re-
sponse was "I will tell you at the station",the issue is that
it was 9.30 in the evening,Detective Breslin neglected to
announce himself to the plaintiff by buzzing the plaintiff's
intercom system, he showed up in the elevator unannounce and
wanted the plaintiff to go to thge police station with out inform
ing him why,the fact is it never occured in this manner.
Thje detective barged into the home of the plaintiff at

9:30 in the night and arrested the plaintiff with no warant and no probable cause.

At trial for this case ,1319/13 ,DetectiveeBreslin now states under oath ,that he did enter the home of the plaintiffi,he also testified that from the elevator he could not see the plaint iff,that the plaintiff was somewhere over to the left out of site that he had to call out to the plaintiff to get his attention, 2 different stories stated under oath by the same detective.

In 3 seperate official documents the detective states that the plaintiff was arrested at his home ,the Bill of particulars the Arrest report and the 2 nd arrest report, no where does it states that the plaintiff was arrested at the police station as the detective has testified too.

Detective Breslin also states under oath that he conducted no investigation concerning the 3 checks the plaintiff was being charged with forging, he also states that he never spoke to the com½plaintant again after the complaint was filed on Feb 27th,2013.So in fact Detective Breslin went to the home of the plaintiff 6 days after the complaint was filed,he went there at 9.30 at night he never announced himself ,he perjured him- self under oath, he never inspected the 3 checks as the 3 checks never existed which has been stated under oath by the A.D.A. on March 27th,2014    , he never spoke to anyone at the bank concerning the checks,no he just took it upon himself to  barge into the plaintiff's home and arrest him with no probable cause what so ever and no warrant.

The fact was that the 3 checks that the plaintiff was being charg ed with forging are in the plaintiff's name,hence no forgery,the complaintiff entered the precicnt on Feb. 27,2013 to file the complaint with a copy of a check that had no information what so ever that it was in fact hers, it could have been anyone's check written out to the plaintiff ,the plaintiff commited no crime he was illegally arrested.

Detective Breslin,submitted a affidavit requesting to be allowed
a search warrant for the home of the plaintiff,Mr. Tammaro
in said affidavit ,Detective Breslin states under oath ;that
the Target Location is not the home of the plaintiff, that he
intends to remove from the plaintiff's home items that he claims
are stolen, he has inspected the 3 checks the plaintiff is
being charged with forging.
The fact are that the plaintiff ,Mr. Tammaro has lived at his
home the Target Location for 23 years,215 west 20th st. ny ny
apt.6e, Detective breslin under oath has stated that he has been
to the location prior to the request of the search warrant and
is well aware it is the home of the defendant.
Detective Breslin was aware that in fact none of the items he has
requested to remove from the plaintiff's home are not stolen.
On March 27,2014 is the transcript from a apperence of Jon
Chananie the D.A. in case 1319/13 the plaintiff's attorney,Ms.
Genay Ann Leitman,esq. and the plaintiff, Michael Tammaro ,all
are present in the court room of his Honor Michael J. Obus

in said transcript from this day  on page 6,7, in the pages,
Ms. Leitman,the attorney for the plaintiff, states on pg.6
"It's my understandingpg"7 , that when the police executed the
search warrant,they,there was an indication that the items--in
the affidavit by the detective that these items were actrually
stolen.In actuality they were not stolen.They were my client's
actual hard drives for his various computers.

He is a professional photographer.Mr. Tammaro ,that is , is a

professional photographer. There is some extremly sensitive
information on those computers. There are photographs of
celebrities, movis stars, et. cetera, on there  models. And
we need to know that those are being predeved. And secondarily
,if they are not being used for evidence, we request that
we make arrangments to have them returned."

This took place on March 27th,2014, it is now July 25,2015
16 months later and the property of the plaintiff has yet to
be released to him.

Finally,at the end of trial in Dec. of 2014 ,the A.D.A.
Mr. Chanie, gave a property release to the plaintiff, on this
property release was the name Jackie Harris (attached) Ms. Harris
went to Pearson Property Warehouse ,a Ms. Moses explained to Ms.
Harris that the property could not be released as Detective
Breslin has told her it is still being used for evidence,which
was completly not true,once again Detective breslin's lies
and misconduct has caused pain and suffering for the plaintifff,
his private valuble property will not and has not been releasedd

The items in the plaintiff's property were 4 cell phone, 2 desk
top computers, 1 lap top computer ,all Apple,lap top was 15inch
1 I-Pod 1 I-Pad, Drivers licence of the plaintiff,passport of
the plaintiff's, personall and buisness documents of thepplain-
tiff's, 8 professional external Hard Drives.

On one of the cell phones illegally seized from the plaintiff's
home had Exculatory Evidence  in text form ,evidence of Ms. Gatien
and Mr. Tammaro concrning the amount Ms. gatien owed him ,what the
3 checks are for and amounts and when to cash them,the evidence was
never submitted at trial due to the fact that the people would not rel
it.

FACTS

DEFENDANT  /  JENNIFER GATIEN

The complaintant in case 1319/2013,Ms. Jennifer Gatien
was the sub-tenent of the plaintiff's ,Michael Tammaro
The dates of the sub-let were ,Oct 1,2012- Jan 30 ,2013.
Ms. Gatien in those 4 months neglected to pay any rent she
neglected to pay utilities, Ms. gatien removed 70 per cent of
the Plaintiff's furniture and art,this she has admitted to under
oath.

Upon arrival ,the plaintiff found that his electricity had been
turned off,his furniture missing and much more this was on Feb.
7th,2013.

Through a mediator ,Mr. Maury DiMauro, Ms.Gatien had promised
that she would pay 2 months rent on Feb. 26th,2013 the amount
was close to $7200.00, on feb. 26th,2013 Ms. gatien was no where
to be found,on Feb .27th,2013 the very next day ,Ms. Gatien
walked into Precinct 10 ,which is directly across the street
from the plaintiff,220 west 20th,st.10011.
The detective she spoke with was Detective Breslin,shield #71
Ms. Gatien claimed that when she had moved out of the plaintiff's
home she forgot her check book, she then states to the detective
that the plaintiff had removed 3 of her checks and forged them
in the amounts of,$150.00,$150.00 and &1000.00.

Detective Breslin on March 4th,2013 at 930 in the evening
went to the home of the plaintiff ,did not announce himself
by pressing the intercom system of the plaintiff's,no he went
to the home of the superintendant of the plaintiff's building
had the super accompany him to the building were he instructed
the super to unlock the front door of the building again with
no announcement to the plaintiff at 9.30 at night,they the
detective ,his partner a Detective James McNair ,the super
and himself Detective Breslin,the 3  entered the private

keyed locked elevator of the plaintiff's ,2 people in the world
have a key to this elevator ,the super and the plaintiff,
Detecxtive Breslin instucted the super to unlock the private
keyed lock of the plaintiff ,pressed 6 E the plaintiff's floor
and home, they ascended to the plaintiff's floor in which once
there Detective Breslin instucted the super to unlock the door
to the plaintiff's home ,the elevator enters directly into the
apartment of the plaintiff.Detective breslin and his partner
proceeded to barge into the home of the plaintiff and arrested
him,the super shut the door and went back to the lobby.

Once in the home of the plaintiff Detective McNair began searcing
the loft he went into the back 2 bedrooms he went into closets
he went to the desk of the plaintiff and looked through his mail
and documents,Detective Breslin at this time was iinforming the
plaintiff that he was being arrested for forgery ,forging Ms.
Jenn Gatien's check's, the plaintiff was taken/seized and
brought to Precinct 10 ,across the street, processed and sent
downtown to the tombs..

It was later revailed that Detective Breslin never had a arrest
warrant,did not have probable cause,violated the plaintiff's
Fourth Amendment Rights

Later ,Detective Breslin has stated that he could not remember
how he got into the plaintiiff's building at 9.30 at night,how
he could up the plaintiff's elevator ,the private keyed elevator,
and that once at the floor of the plaintiff's he knocked and
it just opened,he states he never left the iside of the of the
elevator that he viewed from inside the elevator the plaintiff
sitting at his desk naked working on his computer,he states
that he asked the plaintiff iif he would go to the precinct with
himself and his partner to have a talk ,and that the plaintiff
just got up and went,once at the precinct Detective breslin
states that once the plaintiff stated that yes he cashed the
checks he arrested the plaintiff.

## THE PLAINTIFF

Michael Tammaro,the plaintiff, has had a long and fruitful
career as a photographer,he has traveled the world on
assignments for all the top fashion brands and top magazines,
in the industry. Mr. Tammaro has been published in every major
publication in the world,he has curated numerous exhibitions
to raise money for chaities.
Mr. Tammaro has photo representation in 3 major cities,New York,
Los Angelas and London.
Mr.Tammaro have been assigned to photograph the Tribeca Film
Festival for 9 years,the festival is held for 3 weeks every
April, Mr. tammaro photographs all the Directors,Actors and
Writers that have entered films for the festival,he had archived
all these images for himself and the Festival itself.
Mr.Tammaro has lived at his home/studio for 23 years.

All 25 years of the plaintiff's work was stored professionally
in his 8 External hard Drives,he has stored images for private
clients ,wedding images for individuals ,all the festival's
images private images for upcoming exhibitions and a book of his
work.

## SEARCH WARRANT

Detective Breslin on march 12 entered the home of the plaintiff,
he acquired a search warrant by submitting a affidavit to
Magistrate the Honorable Neil E. Ross,in this affidavit,Detective
Breslin states ,sworn too, that the Target Location was not the
plaintiff's,that items he would like to remove are stolen and
that he has  inspected the 3 checks that the plaintiff iis being
accused of forging.

The fact is that Detective breslin was very aware that the apart-
ment he wanted to search was the plaintiff's and has been for
23 years,he was aware nothing he claims is stolen was actually
stolen but the property of the plaintiff and the 3 checks he

claims he inspected never existed,on march 27th,2014 in the
court of his Honor Michael J. Obus the A.D.A. announced once
forced to that the D.A.'s office had no checks,never had checks,
proving that detective breslin once again has perjured himself.

Detective Breslin removed from the home of the plaintiff ,4
cell phones ,8 external hard drives (25 years work of the plainti
ff, 3 computers ,private documents ,I pad I pod etc. to this
very day not one item has been returned to the plaintiff even
with a court order by his Honor Michael Obus ,8 of the plaintiff'
archived hard drives have been lost ,8 hard drives taken wiith
a defective untrue warrart(attached).

Plaintiff has photographed the Tribeca Film Festival,held
in New York City for 8 years from the years 2003-2011 ,he
has photographed for the festival and publicity ,Actors,
Director, Writers,Producers,etc. all images have been used
for publicity for the festival and publicity for the Film
being shown at the festival,in all Thousands of images were
in the archives of the plaintiff's external hard drives.
Images from the festival were used for years after the festival
for magazines,Telivision, Newspapers all media,due to the fact
that all images are no longer ,the plaintiff has lost a
considerable about of income.
Images from the plaintiffs family friends ,travels were
stored in these hard drives , images going back decades all
lost.
To be clear this detective entered the home of the plaintiff
with a defective search warrant,a affadavit was submitted to
a magistrate stating false information ,information was
entered falsely due to the fact that the detective had no
legal evidence or probably cause to recieve a search warrant
otherwise ,hence he perjured himself as he swore a oath that the
information was true,he again swore under oath at a Huntley
Hearing that the information was true,the District Attorney's
office signed off on this very affidavit also stating the informa
tion to be true ,knowing very well it was all false.
The Target Location was the Plaintiffs ,the property was not
stolen,and the 3 checks the detective swears he inspected never e
existed,the complaintant was not credible.

In the plaintiff's 25 year long career he has photographed celebrites ,authors, politicians, people of all walkls of life.

The following is a list with a number of individuals that the plaintiff, Mr. Tammaro has photographed,all of these images where archived in the plaintiff's external hard drives.

Individuals   such as :

Julia Roberts
Tom hanks
Merly Streep
Sting
Bono
Alicia Keys
Ckelsea clinton
Sally Fields
Harrison Ford
Edris Elba
Amanda Seyfried
Jennifer Connely
Matt Damon]
Jennifer garner
PD Diddy
Maddona
Tom Ford
Bratt Pitt
Dustin Hoffman
Jodie Foster
David Letterman
Clint eastwood
Michael Douglas]
Katie Courik
Al Pacino
HJally Barry
Kevin Spacey
Jared Leto
Jane Fonda
Diane lane
Courtney Cox
Sean Penn
Steven Spielberg
Sen. Ted Kennedy
Caroline Bisset Kennedy
John kennedy jr.
Lian Neison
Drew Barrymore
Tom Clancey
Kristen Stuward
Robert redfond

Michael Bloomberg
B.B. King
All Super Models of the 90's
Charlize Therone
Leonardo DiCaprio
Patricia Cromwell
Edward Norton
Mariah Carey
Charlie Rose
Marisa Tomei
Tony Bennet

The List goes on, the Plaintiff has now lost all these images due to the misconduct defective search warant and miscarriage of justice that the plaintiff has had to

The defendant had a library of rare and out of print books adding
up to clos to $50.000.00 ,due to the fact that the defendant was arrested
and remanded he had no opportuinty to conduct a proper move  his landlord
Mynjak LLC, Jan Zonan, would not allow anyone into the defendant's home until
the day before he was to be out, this is the same landlord who's employee
the Superintendant (LOuis) allowed the detective and his partner to enter the home
of the plaintiff were he was illegally arrested .
The plaintiff lost 25 years of his life due to this illegal intrusion and
illegal arrest,all the contents of the plaintiff's home were discarded as trash.
There is no amount you can put towards the fact that the plaintiff has spent
more than 2 years incarcerated for a case with no evidence ,a case based
on illegal actions of the city of n.y. and detective Breslin, as stated
stabbed ,urinated on ,all his bellongings stolen on a regular basis, abused
by Corecction Officers,all due to his being a gay man.
The plaintiff will walk out of jail with nothing ,no home ,no clothes ,no
family no career nothing all due to the misconduct of the City of NY ,Detective
breslin ,Jan Zonan ,Minjak LLC ,Jennifer gatien,

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 51

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>MICHAEL TAMMARO,<br><br>Defendant. | PEOPLE'S<br>VOLUNTARY<br>DISCLOSURE FORM<br><br>Dkt. No. 2013NY018307 |

The People of the State of New York hereby voluntarily disclose to the defendant the following factual information pertaining to the above-captioned case:

## A.   BILL OF PARTICULARS

1.   OCCURRENCE

Date:          January 9, 2013
App. Time:     2:27pm
Place:         while D was inside of 1818 Hazen Street, East Elmhurst, NY

Date:          February 20, 2013
App. Time:     5:13pm
Place:         158 West 14th Street

Date:          February 21, 2013
App. Time:     11:00am
Place:         111 8th Avenue

Date:          February 22, 2013
App. Time:     5:30pm
Place:         158 West 14th Street

2.   ARREST

Date:          March 4, 2013
App. Time:     9:45pm
Place:         in front of 211 West 20th Street

# New York City Police Department
## Omniform System - Arrests

| | |
|---|---|
| | **Arrest ID: M13620201 - Q** |
| **RECORD STATUS: ARR PRC CMPL** | **Pct: 010** |
| **Arrest Location: FRONT OF 211 WEST 20 STREET** | |

**Arrest Date:** 03-04-2013   Processing Type: ON LINE

**Time:** 21:45:00   DCJS Fax Number: MO013195

Sector: A   Special Event Code: NA - NARC TNT ENFORC

Strip Search Conducted: NO   DAT Number: 0

Viper Initiated Arrest: NO

Stop And Frisk: NO   Return Date: 0000-00-00

Serial #: 0000-000-00000

**Arrest #: M13620201**

## COMPLAINTS:

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2013-010-00924 | 2013-02-27 | Ready for Signoff, No Arrest | 2013-02-20 | 12:00 |

**Arrest #: M13620201**

## CHARGES:

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 155.30 01 F | E | | 1 | GR LAR 4:VALUE PROPERTY >$1000 |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

**Arrest #: M13620201**

## DETAILS:

DEFT DID WRITE CHECKS OUT IN HIS NAME AND CASH THEM WITHOUT PERMISSION OR AUTHORITY OF OWNER.

## DEFENDANT: TAMMARO, MICHAEL

NYSID #:   **Arrest #: M13620201**

| | | |
|---|---|---|
| Nick/AKA/Maiden: | Height: 5FT 11IN | Order Of Protection: NO |
| Sex: MALE | Weight: 200 | Issuing Court: |
| Race: WHITE | Eye Color: BROWN | Docket #: |
| Age: 55 | Hair Color: GRAY | Expiration Date: |
| Date Of Birth: 12/06/1957 | Hair Length: NORMAL | Relation to Victim: FRIEND/ACQUAINTANCE |
| U.S. Citizen: YES | Hair Style: STRAIGHT | Living together: NO |
| Place Of Birth: NEW YORK | Skin Tone: LIGHT | Can be Identified: YES |
| Is this person not Proficient in English?: NO | Complexion: CLEAR | |
| If Yes, Indicate Language: | | |
| Accent: NO | Soc.Security #: | Gang/Crew Affiliation: NO |
| | Occupation: UNKNOWN | Name: |
| | Lic/Permit Type: | Identifiers: |
| Physical Condition: APPARENTLY NORMAL | Lic/Permit No: | |
| Drug Used: NONE | | |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 211 WEST 20 STREET | MANHATTAN/NEW YORK | | 6E | | 010 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO   N.Y.C. Housing Employee: NO   On Duty:
Development:   N.Y.C. Transit Employee: NO

**Physical Force: NONE**

Gun:
Weapon Used/Possessed: NONE   Make:   Recovered:
Non-Firearm Weapon:   Color:   Serial Number Defaced:
Other Weapon Description:   Caliber:   Serial Number:
Type:

## New York City Police Department
### Arrest Report for Arrest ID: M13620201

**ARREST LOCATION: 211 WEST 20 STREET**

| | | | | | |
|---|---|---|---|---|---|
| Arrest Date: | 2013-03-04 | | | | Pct: 010 |
| Arrest Time: | 21:45:00 | | Processing Type: | ON LINE | |
| Sector: | | | DCJS Fax Number: | MO013195 | |
| | | | DAT Number: | 000000000 | |

**CHARGES:**

| CHARGE | ATTEMPT? | LAW CODE | | | |
|---|---|---|---|---|---|
| TOP | No | PL 1553001 | CLASS | TYPE | COUNTS |
| | | | E | F | 0001 |

**DETAILS:**
DEFT DID WRITE CHECKS OUT IN HIS NAME AND CASH THEM WITHOUT PERMISSION OR AUTHORITY OF OWNER.

**COMPLAINT:**

Occurrence Location: 211 WEST 20 STREET

| | | | | |
|---|---|---|---|---|
| Name of Premise: | | Borough: | MANHATTAN | Complaint #: 2013-010-000924 |
| Occurrence Time: | 12:00:00 | Premises Type: | RESIDENCE - APT. HO | Pct: 010 |
| | | Occurrence Date: 2013-02-20 | | Sector: A |
| | | | | Aided #: |

**VICTIM: GATIEN, JENNIFER**

Nick/AKA/Maiden:

Accident #:

Birth Date:

| | | | Sex: | FEMALE | | |
|---|---|---|---|---|---|---|
| | | | Race: | WHITE | | |
| LOCATION | ADDRESS | | Age: | 038 | | |
| HOME-PERMANENT | 49 BLEECKER STREET APT: 306 | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
| HOME-TEMPORARY | | MANHATTAN | NY | | 306 | 009 |
| BUSINESS | | | | | | |

Phone #:

null

917-853-6591

**DEFENDANT: TAMMARO, MICHAEL**

Nick/AKA/Maiden:

| | | | | NYSID: 12003126N |
|---|---|---|---|---|
| Sex: | MALE | Height: | 5 FT 11 IN | |
| Race: | WHITE | Weight: | 0200 Lbs | Relation to Victim: FRIEND/ACQUAINTANCE |
| Age: | 55 | Eye Color: | BROWN | Living Together: NO |
| Date of Birth: | 12-06-1957 | Hair Color: | GRAY | |
| US Citizen: | Y | Hair Length: | NORMAL | Gang Affiliation: NO |
| Place of Birth: | NY | Hair Style: | STRAIGHT | Name: |
| Physical Condition: | APPARENTLY NORMAL | Skin Tone: | LIGHT | |
| Drug Used: | NONE | Complexion: | CLEAR | |
| Occupation: | UNKNOWN | Soc. Security #: | 000000000 | |
| | | Lic/Permit Type: | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| LOCATION | ADDRESS | | | Lic/Permit No.: | | |
| HOME-PERMANENT | 211 WEST 20 STREET APT: 6E | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
| HOME-TEMPORARY | | MANHATTAN | NY | | 6E | 010 |
| BUSINESS | | | | | | |

Phone #

| | | | |
|---|---|---|---|
| Physical Force: | NONE | | |
| Weapon Used/Possed: | NONE | Gun: | |
| Non-Firearm Weapon: | | Make: | |
| Other Weapon Description: | | Color: | |
| | | Caliber: | |

| CRIME DATA | | | Type: | |
|---|---|---|---|---|
| IMPERSONATION | | DETAILS | | |
| | | UNKNOWN | | |

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH THE PREMISES LOCATED AT

211 WEST 20TH STREET, APARTMENT 6E, NEW YORK, NEW

YORK ("THE TARGET PREMISES") AND ANY ELECTRONIC

STORAGE AND COMMUNICATION DEVICES FOUND

THEREIN

$200/_{13}$

### AFFIDAVIT IN SUPPORT OF
### SEARCH WARRANT



Detective Christopher Breslin, Shield # 71, of Precinct 10th, New York City Police Department, being duly sworn, deposes and says:

1.      I am a Detective, Shield #71, assigned to the Precinct 10th, and as such I am a public servant of the kind specified in CPL 690.05(1).

2.      This affidavit is submitted in support of an application for a warrant to search 211 West 20th Street, Apartment 6E, New York, New York ("the target premises"), where there is reasonable cause to believe that evidence of the commission of the crime[s] Grand Larceny in the Fourth Degree (PL 155.30), Forgery in the Second Degree (170.10)), and Identity Theft in the Second Degree (190.79), including but not limited to the following property may be found:

a.  Any and all JP Morgan Chase Bank Checks;

b.  evidence demonstrating (directly or indirectly) defendant's possession of the personal identifying information belonging to others, including, handwritten receipts, electronic receipts and/or electronic communications from corporations or banks that issued the defendant credit in the name or account numbers of other individuals;

c.  All computers (including, but not limited to any laptop computers, hard drives, or I-Pad devices), stored electronic communications, data, information and images contained in computer disks, USB storage devices, CD ROMs and hard drives, tending to demonstrate cash transactions or financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, documents relating to real estate holdings, and any title or registration to motor vehicles, other financial receipts, and records;

1

d. evidence of ownership and use of the target premises, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, and videotapes and photographs of persons

3.    It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target premises; and to analyze, test, and in any way scientifically process the target premises and all the items seized.

4.    With respect to the stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, described above, it is also requested that this Court grant permission to retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

5.    The examination of any electronic storage or communication devices (including, but not limited to computers, computer hard drives, and I-Pad devices) can be a time-consuming process due to the constantly changing universe of technologies, models, operation systems, and types of content stored. Further, searching electronic storage or communication devices often requires that the search be completed by a qualified person in a laboratory or other controlled environment because of the volume of evidence and technical requirements of the forensic examination. It is therefore requested that the warrant be deemed executed at the time and date of judicial authorization as it relates to electronic storage or communication devices, and tha further analysis of any electronic storage or communication devices and its contents be permitte at any time thereafter.

6.    As set forth below, there is reasonable cause to believe the above described pr' is stolen, the above described property is unlawfully possessed, the above described prope. stolen and unlawfully possessed, the above described property has been used, or is possessed purpose of being used to commit or conceal the commission of an offense, and the above described property constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of said offense.

a. I am informed by Jennifer Gatien, an identified citizen informant, that Ms. Gatien is the holder of a JP Morgan Chase checking account 408061294. I am further informed by Ms. Gatien that the following three checks were made and drawn on the account of Ms. Gatien without her permission or authority: a check dated 2/20/13 in the amount of $150; (ii) a second check dated 2/20/13 in the amount of $150; and (iii) a third check dated 2/22/13 in the amount of $1,000. I further state that I have reviewed all of the checks referenced above and that each check was made payable to an individual named Michael Tammaro. I further state that the checks carry the following check numbers 9992, 9995, 9996.

b. I am further informed by Ms. Gatien that among other unauthorized charges there is a

2

therefore requested that the warrant be deemed executed at the time and date of judicial authorization as it relates to electronic storage and communication devices, and that further analysis of any electronic storage or communication devices and its contents be permitted at any time thereafter.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

Detective
Christopher Breslin

Jonathan Dreyfuss
APPROVED: Assistant District Attorney

Sworn to before me this
March 7, 2013

HON. NEIL E. ROSS
Judge

11:05 A.M.

Laura DeMattia
Name of Court Reporter

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

against-                                              FELONY

Michael Tammaro (M 55),

Defendant.                    ADA Sheula Walton
                                                     (212) 335-9944

Detective Christop Breslin, Shield 71 of the 10th Precinct Detective Squad, states as follows:

*The defendant is charged with:*

| 1 | PL 170.10(1) | Forgery in the Second Degree (defendant #1: 3 counts) |
| 2 | PL 170.25 | Criminal Possession of a Forged Instrument in the Second Degree (defendant #1: 3 counts) |
| 3 | PL 155.30(1) | Grand Larceny in the Fourth Degree (defendant #1: 1 count) |

On or about February 20, 2013 at about 12:00 PM, at 14th Street & 7th Avenue in the County and State of New York, the defendant, with intent to defraud, deceive and injure another, falsely completed a written instrument which, if completed, purported to evidence and affect a legal right, the defendant uttered and possessed a forged instrument of a kind specified in section 170.10 of the Penal Law and particularized below with knowledge that the instrument was forged and with intent to defraud, deceive and injure another; the defendant stole property valued in excess of 1,000 dollars.

*The factual basis for these charges are as follows:*

I am informed by Jennifer Gatien, of an address known to the District Attorney's Office, that the following three checks were made and drawn on the account of Ms. Gatien without her permission or authority: a check dated 2/20/13 in the amount of $150; (ii) a second check dated 2/20/13 in the amount of $150; and (iii) a third check dated 2/22/13 in the amount of $1,000. I am further informed by Ms. Gatien that each of the checks referenced above were made payable to the defendant without her permission or authority.

The defendant did state in substance: SHE LEFT THOSE CHECKS FOR ME. SHE SIGNED THEM BUT THEY WERE BLANK SO I PUT MY NAME ON IT AND THE AMOUNTS. I CASHED THEM AT THE CHASE BANK ON 14TH STREET AND 7TH AVENUE.

Trial Transcript (1)

It is clear reading the testimony of
Detective Breslin, shield 71, that he
conducted no investigation, he states that
when one does a investigation one
conducts interviews, talking to people
finding evidence, Detective Breslin conducted
none of the above, he admits that he
never spoke again to Ms. Gution after her
complaint filed on Feb, 27, 2013, he states
he never contacted the bank, it is clear
that the entire conversation between
Detective Breslin and the complaintant
Ms. Gution ~~was~~ was entirely hearsay
at the A.D.A also clearly points out

that the conversations between Ms.
Gutien (the complaitan) is hearsay.
The facts show the dectective bredin
with no investigation, copies of checks
in which he can not remember
if she actually had the checks in her
possession, it does not state she
had the copies, all it states is what
she states (Hearsay) ngain, there was no
infermation on the checks to prove they
were actually Ms. Gutiens checks, at no
time did he or any one else (Don's
office) have the original checks.

MS Gattian was the Sub-tenant of the plantiff, he was her landlord. Detective Broslin states he does not get involved in Tenal-Landlord complaints. The 3 checks where written out to Micliael Tammaro, the landlord of the complaintant, in the reference it is written RENT, MS Gattion has admitted under oath she owes the plantiff rent, Detective Broslin has stated that he knew MS. Gatton was living in the plantiff's home, the fact that the checks are written out to the plantiff, Michasl Tammaro, shows no forgery.

Enclosed is a document (Exhibit 9)
stating that the plaintiff was being
charged with Forgery in the Second
Degree (# 3 counts) As just stated the
plaintiff was the drawer of the checks
he was the landlord of the complaintant
he was the ostensible maker hence no
forgery, (2) A person can not be charged
with both Forgery and possession
of a forged instrument, he was.
It also states that the plaintiff.
cashed the 3 checks with the intent
to defraud, deceive and injure another.

The plaintiff went to his branch a
banking (14 + 7ᵗʰ Chnse BNNK) where
he has had a account for 7 yrs.
He presented the check written to him
in his name with paper identification
to the teller, the teller then made
a Identification of the account holder's
signiture (Ms. Gaitan) this occurred 3
times in all 3 Time the checks
were cashed, there was no deceit
no intent to defraud, no injury, Mr.
Gaitan owes Rent, the 3 checks were
for monies owed.

This document (Exhibit 9) also stated that the plaintiff states "SHE Left those checks for me. SHE signed them But they were blank so I put my name on it and the amounts, I cashed them At the chase Bank on 14 St. and 7th Ave."

No where in my written statement do I state this, this is ngain Dt. Breslin not being truthful; he lies on and on throughout this entire case, All proven..



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)



Invoice No. **1000304053**

| Item | Total QTY | Article(s) | | PETS No. | Pkg. QTY | Disposition |
|------|-----------|------------|---|----------|----------|-------------|
| 9 | 1 | COMPUTER - HARDWARE | | 1300120749 | 1 | |
| | | COLOR: WHITE MAKE: APPLE MODEL: A1408 | | | | |
| | | SERIAL NO.: C88GPAN8DM72 | | | | |
| | | ROUTER | | | | |
| 10 | 1 | COMPUTER - HARDWARE | | 1300120749 | 1 | |
| | | COLOR: BLACK MAKE: GLYPH HARD DRIVE | | | | |
| | | SERIAL NO.: 11057403CB | | | | |
| | | EXTERNAL HARD DRIVE | | | | |

REMARKS:
905825 03/12/2013 11:02 : ABOVE PROPERTY VOUCHERED AS INVESTIGATORY. RECOVERED FROM SUBJECTS APARTMENT AFTER EXECUTION OF SEARCH WARRANT.

| Date Of Incident | Penal Code/Description | | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|---|
| 02/20/2013 | 15530/GRAND LARC | | FELONY | N/A | | REFUSED |

| Prisoner(s) Name | | D.O.B | Age | Address | | Arrest No./Summons No.   NYSID No. |
|---|---|---|---|---|---|---|
| 1. | TAMMARO, MICHAEL | 12/06/1957 | 55 | 211 WEST 20 STREET, 6E, MANHATTAN, NY | M13620201 | 12003126N |

| | Name | Tax No. | Address | | Phone No. |
|---|---|---|---|---|---|
| Finder(s) | BRESLIN, CHRISTOPHE | 905825 | 1 POLICE PLAZA, NEW YORK, NY 10038. | | |
| Owner(s) | TAMMARO, MICHAEL | | 211 WEST 20 STREET, 6E, MANHATTAN, NY | | |
| Complainant(s) | GATIEN, JENNIFER | | | | |

| Complaint No. | 2013-010-00924 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | DT2 | BRESLIN, CHRISTOPHE | 905825 | 10TH DET SQUAD | 03/12/2013 | 10:25 |
| Invoicing Officer | DT2 | BRESLIN, CHRISTOPHE | 905825 | 10TH DET SQUAD | 03/12/2013 | 11:05 |
| Approved By | LT | HOULIHAN, BRIAN | 915912 | 10TH DET SQUAD | 03/12/2013 | 11:05 |

_[handwritten]_ I had 8 hard Drives
he list 1.

Invoice No. **1000304053**

ADA Copy
printed: 03/12/2013 11:06

PCD Storage No. --

Page No. 2 of 3

-18-

_[handwritten]_ I had IPAD
other things gone not
listed

NYPD **PETS** PROPERTY and EVIDENCE
TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)

Invoice No. **1000304053**

| Invoicing Command | | | | | |
|---|---|---|---|---|---|
| **10TH PCT.** | | | | | |
| Invoice Date | | Property Type | | | Invoice Status |
| **03/12/2013** | | GENERAL PROPERTY | | | **OPEN** |
| Officers | | | | | Property Category |
| | Rank | Name | | | **INVESTIGATORY** |
| Invoicing | DT2 | BRESLIN, CHRISTOPHE | Tax No. 905825 | Command 10TH DET SQUAD | |
| Arresting | N/A | | | | OCME, EU No. |
| Investigating | DT2 | BRESLIN, CHRISTOPHE | 905825 | 10TH DET SQUAD | OCME, FB No. |
| Det Squad Supervisor | LT | HOULIHAN, BRIAN | 916912 | 10TH DET SQUAD | Pollen Lab Evid. Coll. No. |
| CSU/ECT Processing | N/A | | | | Det Sqd. Case No. 281 |
| | | | | | CSU/ECT Run No. N/A |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | COMPUTER # DESKTOP<br>COLOR: GRAY MAKE: APPLE MODEL: A12255<br>SERIAL NO.: QP8050F1X69 | 5334141 | 1 | |
| 2 | 1 | COMPUTER - ACCESSORIES<br>COLOR: WHITE<br>POWER CORD | 1300120749 | 1 | |
| 3 | 1 | COMPUTER - ACCESSORIES<br>COLOR: GRAY<br>CONNECTION CORD | 1300120749 | | |
| 4 | 1 | COMPUTER - ACCESSORIES<br>COLOR: GRAY<br>APPLE COMPUTER KEYBOARD | 1300120749 | 1 | |
| 5 | 1 | COMPUTER - ACCESSORIES<br>COLOR: WHITE<br>APPLE COMPUTER MOUSE | 1300120749 | 1 | |
| 6 | 1 | COMPUTER # DESKTOP<br>COLOR: WHITE MAKE: APPLE IMAC<br>SERIAL NO.: W84408U9PP7 | 5334142 | 1 | |
| 7 | 1 | COMPUTER - ACCESSORIES<br>COLOR: WHITE<br>APPLE COMPUTER KEYBOARD | 1300120749 | 1 | |
| 8 | 1 | COMPUTER - ACCESSORIES<br>COLOR: WHITE<br>APPLE COMPUTER POWER CORD | 1300120749 | 1 | |



Invoice No. **1000304053**

ADA Copy
printed: 03/12/2013 11:08

PCD Storage No. --

Page No. 1 of 3

-17-

 NYPD**PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No **1000304099**

| Invoicing Command | | | | | Invoice Status |
|---|---|---|---|---|---|
| **10TH PCT.** | | | | | **OPEN** |
| Invoice Date | | Property Type | | | Property Category |
| 03/12/2013 | | **GENERAL PROPERTY** | | | **INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | DT2 | BRESLIN, CHRISTOPHE | 905825 | 10TH DET SQUAD | OCME EU No. | |
| Arresting | N/A | | | | OCME FB No. | |
| Investigating | DT2 | BRESLIN, CHRISTOPHE | 905825 | 10TH DET SQUAD | Police Lab Evid. Col. No. | |
| Det Squad Supervisor | LT | HOULIHAN, BRIAN | 915912 | 10TH DET SQUAD | Det Sqd. Case No. | 281 |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | CHECKBOOK<br>DOCUMENT HOLDER'S NAME: JENNIFER GATIEN<br>DOCUMENT NO.: 408061294<br>ISSUER'S NAME: CHASE BANK | 1201388481 | 1 | |
| 2 | 1 | CELL PHONE<br>COLOR: RED SERIAL NO.: 006KPSL004006<br>IMEI #: 012281000040065 | 1201388479 | 1 | |
| 3 | 1 | CELL PHONE<br>MODEL: 66SPP COLOR: BLUE, DARK MAKE: T-MOBILE<br>SERIAL NO.: RAD155 IMEI #: 013088002687384 | 1201388479 | 1 | |
| 4 | 1 | CELL PHONE<br>MODEL: XT610 COLOR: BLACK MAKE: VERIZON<br>IMEI #: 353635040175545 | 1201388479 | 1 | |
| 5 | 1 | CELL PHONE<br>MODEL: A1387 COLOR: WHITE MAKE: APPLE I-PHONE<br>CRACKED APPLE I-PHONE | 1201388479 | 1 | |
| 6 | 1 | CELL PHONE<br>MODEL: R730A COLOR: BLACK MAKE: KYOCERA | 1201388479 | 1 | |
| 7 | 1 | MP3 PLAYER<br>MODEL: IPOD COLOR: BLACK MAKE: APPLE<br>SERIAL NO.: 9E0121DM75J | 1201388479 | 1 | |



Invoice No **1000304099**

PCD Storage No. --

printed: 03/12/2013 14:04

Page No. 1 of 2



**MEMO ENDORSED**

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DAVID COOPER
*Assistant Corporation Counsel*
phone: (212) 356-3535
fax: (212) 356-3509
email: dcooper@law.nyc.gov

August 11, 2015

VIA ECF
The Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: Michael Tammaro v. City of New York, et al., No. 13 Civ. 6190 (KMK)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter on behalf of the Office of the Corporation Counsel of the City of New York ("this Office" or "Corporation Counsel"), an interested party in this action. Without appearing or making any representations on behalf of any of the named defendants in this action, I respectfully write to request that the Court *sua sponte* dismiss the action in its entirety, pursuant to FED. R. CIV. P. 41(b), for plaintiff's failure to prosecute this matter. In accordance with Your Honor's individual rules of practice, this Office respectfully requests that Your Honor schedule a conference to address their anticipated motion.

**I.    Background.**

By way of background, on August 30, 2013, plaintiff filed a Complaint alleging, *inter alia*, that on March 4, 2013, at 211 West 20th St., New York, NY 10011, Detective Christopher Breslin entered his apartment, without a warrant and with the assistance of the building's superintendent, and arrested plaintiff. (See Compl., at 5.) Plaintiff purports to name the City, "Detective Christop Breslin," "Minjak L.L.C.," "Jan Zonan," "Tri Management," and "John Doe Super Intendant [*sic*]" as defendants. (See generally Compl.) In an Order dated October 24, 2013 ("October 2013 Order"), the Court directed plaintiff to complete a USM-285 form for each named defendant that he wished to serve. The Court also cautioned plaintiff that if he did not facilitate service on the named defendants within thirty days of the Order, "under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute." (See Oct. 2013 Order, at 3-4.) In a letter dated May 8, 2014, plaintiff wrote to the Court seeking advice on how to proceed in this matter and indicated that he did not receive until

April 23, 2014, *inter alia*, an Order of Service and "Process Receipt and Return Forms for Marshall." (<u>See</u> ECF No. 12.)

On July 28, 2014, this Office notified the Court that none of the named defendants had been served, and hoped that the Court would *sua sponte* adjourn the Initial Conference scheduled for August 5, 2014 to a later date. (<u>See</u> ECF No. 16.) The Court endorsed the Letter on July 31, 2014, adjourned the Initial Conference to November 7, 2014, and instructed plaintiff to "make all efforts to properly serve all defendants." (<u>See</u> ECF No. 17.) On August 6, 2014, plaintiff wrote a letter to the Court stating that he was waiting for his criminal case to close, and that he was "quite confident everyone will be served properly as the case should be over soon." (<u>See</u> ECF No. 18.) By October 31, 2014, no further entries had appeared on the docket sheet— and none of the named defendants had been served with process—when this Office moved to dismiss for failure to prosecute. (<u>See</u> ECF No. 19.) On November 3, 2014, the Court ordered plaintiff to advise the Court by November 12, 2014 what efforts he made to serve the named defendants. (<u>See</u> ECF No. 20.) New York City Department of Correction ("DOC") records reveal that plaintiff was incarcerated at GMDC under Book and Case No. 875-14-00750 from June 17, 2014 to November 18, 2014. <u>See</u> *ILS – Inmate Lookup System*, N.Y.C. DEP'T OF CORR. (Aug. 5, 2015, 6:18 PM), http://services.doc.nycnet/inmatetracking/pages/common/find.jsf. Nothing on the docket sheet indicates that the Court's correspondence to plaintiff during that time was returned as undeliverable.

In plaintiff's letter dated February 20, 2015 ("February 20 Letter"), he noted that he was "not receiving [his] mail in enough time to make arrangements to respond or set up conference [*sic*]. Plaintiff also raises "the issue that d.O.C. [*sic*] had lost all [his] legal work including the proper affidavits to be served to the defendants," and "enclose[ed] the letter that the prisoners rights [*sic*] sent to the commisssioner [*sic*] explaining that all [his] legal work was lost . . . ." The February 20 Letter includes a printout of an email dated December 15, 2014, sent by Staff Attorney Dale Walker of at the Legal Aid Society, which states that "[plaintiff] needs DOC staff to retrieve and return to him various legal documents that are stored at the GRVC jail, from which he left Rikers for Ulster on November 26th." However, during the entire span of the events recounted in the previous paragraph, plaintiff was held at one facility. He has never explained what accounted for what is now a yearlong delay in service of process, and has never even acknowledged that his responses to the Court's Orders are still outstanding. On April 16, 2015, plaintiff wrote a letter to the Court stating that he was "now devoting all [his] time" to litigating this case. (<u>See</u> ECF No. 33.) However, he still has yet to serve any named defendant.

## II.   This Office requests that the entire action be dismissed for failure to prosecute.

Plaintiff filed the Complaint nearly two years ago. To date, not a single named defendant has been served with process. Federal Rule of Civil Procedure 41(b) provides a district court with the "authority to dismiss a plaintiff's case . . . for failure to prosecute." <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206 (2d Cir. 2001) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962). While the Second Circuit has "acknowledged that dismissal is a 'harsh remedy to be utilized only in extreme situations,' " it has also emphasized that such a measure is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982) (citing <u>Theilmann v. Rutland Hosp., Inc.</u>, 455 F.2d 853, 855 (2d Cir.

1972). In reviewing a dismissal for failure to prosecute, the Court must determine whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (citation omitted). No one factor is dispositive. Id.

Here, the balance of the factors enunciated in Brow warrants dismissal. As an initial matter, plaintiff has yet to serve *any* named defendant in the 23 months this action has been pending in the Southern District of New York. "It is unquestioned that an unreasonable delay in serving process can constitute a failure to prosecute." Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 351 (S.D.N.Y. 2005) (internal quotation marks omitted) (collecting cases holding that delays under two years are unreasonable). Plaintiff has twice been ordered to provide the Court and this Office with an explanation of his efforts to serve the named defendants; once on November 3, 2014 and again on November 19, 2014. (See ECF Nos. 20, 22.) To date no explanation has been forthcoming. Because "[a] plaintiff's lack of diligence alone is enough for dismissal," see Zapata v. Isabella Geriatric Center, No. 12 Civ. 738 (ALC) (DF), 2013 U.S. Dist. LEXIS 59801, at *4 (S.D.N.Y. Apr. 1, 2013), the Court is entitled to dismiss the action on this basis. Plaintiff has also been on notice that his failure to comply with a Court Order could result in dismissal of the action. As an initial matter, "a court is not required to give notice to a party that its claim(s) face dismissal." See Europacific Asset Mgmt. Corp., 233 F.R.D. at 353. Nevertheless, in the October 2013 Order, Your Honor specifically cautioned plaintiff that "under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute" if he did not facilitate service on the named defendants within a specified time frame. (See Oct. 2013 Order, at 3-4.) "A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal." See id.

This Office is also prejudiced by being required to litigate without the benefit of plaintiff's participation. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." Watkins v. Merchese, No. 13 Civ. 3267 (GBD) (SN), 2015 U.S. Dist. LEXIS 100510, at *29 (S.D.N.Y. June 17, 2015) (internal quotation marks omitted) (noting that a "presumption of prejudice is valid . . . where "plaintiff's] delay is part of a deliberate patterns and comes in the face of clear, repeated Court orders"); see also Europacific Asset Mgmt. Corp., 233 F.R.D. at 353 ("The probability of prejudice to a defendant that has not been served process for a particularly long period of time is high.") Furthermore, allowing this case to continue would burden the Court's overcrowded docket with a case that plaintiff seemingly has little interest in prosecuting. Plaintiff has had ample time to proceed with his case—the Court has afforded him numerous opportunities to litigate this matter in nearly 2 years since he commenced this action. See Terry v. Vill. of Ossining, No. 12 Civ. 5855 (ER), 2013 U.S. Dist. LEXIS 158864, at *22 (S.D.N.Y. Nov. 5, 2013). Finally, plaintiff's prior conduct suggests that lesser sanctions will be inadequate here. See McAllister v. Garrett, No. 10 Civ. 3828 (LAP) (HBP), 2015 U.S. Dist. LEXIS 48131, at *10 (S.D.N.Y. Mar. 11, 2015) ("Plaintiff's historical pattern of not responding to court orders in this case gives this Court no reason to believe that lesser sanctions would be effective in compelling Plaintiff to take action in this case.")

### III. Conclusion

For the reasons set forth above, and in accordance with Your Honor's individual rules, this Office respectfully requests that Your Honor schedule a pre-motion conference in advance of the anticipated Rule 41(b) motion.

Thank you for you consideration in this regard.

Respectfully submitted,

DAVID COOPER
Assistant Corporation Counsel
Special Federal Litigation Division

To: VIA FIRST CLASS MAIL[1]
Michael Tammaro # 875-140-0750
George Motchan Detention Center
15-15 Hazen St.
East Elmhurst, NY 11370

Michael Tammaro # 13A3163
Collins Correctional Facility
Middle Road
PO Box 490
Collins, NY 14034

*Plaintiff is to respond to this letter by September 14, 2015.*

*So Ordered.*

*KMK*

*8/14/15*

---

[1] Although the docket sheet lists plaintiff's address as George Motchan Detention Center ("GMDC"), upon information and belief, plaintiff was discharged from GMDC on May 20, 2015 to be transferred to state prison. He is currently incarcerated at Collins Correctional Facility. Accordingly, this letter is being sent both to plaintiff's GMDC and Collins addresses. This Office respectfully notes that "[t]he duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." See Hall v. DOC Dep't of Corr. OBCC-CPSU, No. 11 Civ. 406 (JMF), 2013 U.S. Dist. LEXIS 79863, at *4 (S.D.N.Y. June 5, 2013); see also Martin v. McCraw, No. 12 Civ. 8162 (PAC) (DF), 2014 U.S. Dist. LEXIS 84393, at *8 (S.D.N.Y. June 18, 2014) (referring to a *pro se* litigant's obligation to keep the Court apprised of any change in address as a "minimal obligation"). Finally, this Office additionally notes that the October 2013 Order stated as follows: "Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if his address changes, and the Court may dismiss the action if he fails to do so."

## DECLARATION OF SERVICE BY MAIL

I, David Cooper, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that on August 11, 2015, I served the following documents:

- Copy of Letter, dated August 11, 2015

upon the *pro se* plaintiff herein, by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said *pro se* plaintiff at the address set forth below, being the address designated by *pro se* plaintiff for that purpose:

Michael Tammaro # 875-140-0750
George Motchan Detention Center
15-15 Hazen St.
East Elmhurst, NY 11370

Michael Tammaro # 13A3163
Collins Correctional Facility
Middle Road
PO Box 490
Collins, NY 14034

Dated: New York, New York
      August 11, 2015

                                     _____
                                     DAVID COOPER
                                     ASSISTANT CORPORATION COUNSEL
                                     SPECIAL FEDERAL LITIGATION

MICHAEL TAMMARO
COLLINS CORRECTIONAL FACILITY
P.O. BOX 340
COLLINS ,NY 14034-0340

Oct 22

Sept.15, 2015

To: Pro Se Office   Re:Court case Number/ 13CV6190

TO Whom it May Concern,

    Enclosed there is my Process Receit Papers  and
my facts,please can you write me back and inform me that you
receieved this package. I am presently being housed/incarcerated
at Collins Correctional Facility,my Din # is 13A3163 I am in
dorm A-2

I did sent a package about 6 months ago and your office told me i
was not received,as you can see this is my amended suit,there
was more misconduct by Detective Breslin after my initial filing.

Please again is it possible to inform me this has been received a
and what the next step is,
Respectfully,

Michael Tammaro

I am now at
Suthaoet Correctional Facility
P.O. Box 2000
Pine City, NY 14871-2000

MICHAEL TAMMARO                          Oct 20, 2015
DIN # 13-A-363
Southport Correctional Facility
P.O. Box 2000
Pine City, N.Y. 14871-2000

RECEIVED
SDNY PRO SE OFFICE
2015 OCT 27 AM 10: 55

To: Pro Se Office

   Re: MICHAEL TAMMARO v. City of New York
   et al. No 13 Cv 6190 (lcmlc)

To Whom it may Concern,

   Enclosed is my Amended Suit, I have
Exhibits that will be to you within the week,
I am not sure how much longer I was be
at the Facilty, I will write if I am moved.

Please if you could inform me if I have
proceeded incorrectly. Please excuse the
penmanship, I have no access to a typewriter.

Thank You,
Respectfully,
MICHAEL TAMMARO   DIN # 13 A-363

This address listed on the Process
Server Documents has changed, not sure
if this is a problem.

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| MICHAEL TAMMARO | 13CV6190  (KMK) |
| DEFENDANT | TYPE OF PROCESS |
| THE CITY of NEW YORK | |

SERVE AT

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
DAVID COOPER, LAW DEPT. ,The City of New York

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
100 CHURCH STREET,NEW YORK,NEW YORK, 10007

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| MICHAEL TAMMARO DIN# 13-A-3163, COLLINS CORRECTIONAL FACILITY 14034-0340 P.O.BOX 340 COLLINS,NEW YORK | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case  4 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Fold

Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed  as shown in "Remarks", the process described on the individual , company, corporation; etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address (complete only different than shown above) | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Michael Tammaro | COURT CASE NUMBER 13 CV6190 (KMK) |
|---|---|
| DEFENDANT Detective Christopher Breslin Shield 71 | TYPE OF PROCESS |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Detective Christopher Breslin Shield 71

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
Precinct 10 230 W 20th St. NY, NY 10011

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Michael Tammaro Din#13A3163
Collins Correctional Facility
PO Box 340
Collins NY 14034-0340

| | |
|---|---|
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses,*
*All Telephone Numbers, and Estimated Times Available for Service):*
Fold                                                                                                                            Fold

Signature of Attorney other Originator requesting service on behalf of:   ☐ PLAINTIFF   ☐ DEFENDANT | TELEPHONE NUMBER | DATE

---

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

**DISTRIBUTE TO:** 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See *"Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF   MICHAEL TAMMARO | COURT CASE NUMBER  13 CV 6190 (KMK) |
|---|---|
| DEFENDANT   MINJAK L.L.C. / JAN ZONAN "individual" | TYPE OF PROCESS |

| | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| SERVE AT | ROSENBERG & ESTIS, P.C. ATTN: EMILY PRAGER ESQ. |
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*  733 THIRD AVE. NEW YORK ;NY 10017 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | | |
|---|---|---|
| MICHAEL TAMMARO  COLLINS CORRECTIONAL FACILITY  P.O.BOX 340  COLLINS N.Y. 14034-0340 | Number of process to be served with this Form 285 | |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses,*
*All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                                        Fold

| Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin  No. | District to Serve  No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served ,☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)  $0.00 |
|---|---|---|---|---|---|

REMARKS:

DISTRIBUTE TO:  1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| PLAINtiff **MICHAEL TAMMARO** | COURT CASE NUMBER 13CV6190 |

| DEFENDANT | TYPE OF PROCESS |

**JENNIFER GATIEN**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

SERVE
AT

**JENNIFER GATIEN**
**49 BLEEKER STREET APT. 306, NY,NY**

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

MICHAEL TAMMARO
NYSID: 12003126N

COLLINS CORRECTIONAL FACILITY
PO BOX 340, COLLINS NY14034-0340
DIN# 13-A-3163

Number of process to be served with this Form 285

Number of parties to be served in this case | 5

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):
Fold                                                                                                          Fold

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT | TELEPHONE NUMBER | DATE

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (*complete only different than shown above*) | Date | Time ☐ am ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) $0.00 |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

Michael Tenimaro

DIN # 13-A-3163

Five Point Corr. Facility

P.O. Box 2000

Romulus, NY 14871-2000

RECEIVED
SDNY PRO SE OFFICE
2015 OCT 27 AM 10: 56

USM P3
SDNY

U.S District Court

Southern District of NY

Daniel Moynihan U.S. Courthouse

Pro Se. Office

500 Pearl St. Rm. 230

SOUTHPORT
Correctional Facility

02 1M
000 425 5402
OCT 23 2015
MAILED FROM ZIP CODE 14871
UNITED STATES POSTAGE
$ 02.450

SOUTHPORT
Correctional Facility

02 1M
000 425 5402
OCT 23 2015
MAILED FROM ZIP CODE 14871
UNITED STATES POSTAGE
$ 00.730